MERRIMAN S. SMITH, Judge.
The Raleigh County Bank of Beckley, Raleigh county, *43 West Virginia, owns the bank and cilice building in which it operates the business of banking. During the years 1939 to 1943 inclusive it reported and paid tax to the tax commissioner of the State of West Virginia as follows:
should
BANK OTHER HAVE REFUND
RENT RENT TOTAL PAID PAID DUE
1939 $ 8,831.05 $ 5,021.12 $ 13,852.17 $ 123.96 $ 35.65 $ 88.31
1940 17,673.90 10,573.20 28,247.10 257.47 80.73 176.74
1941 15,648.75 11,723.73 27,372.48 248.72 92.24 156.48
1942 14,389.89 11,562.19 25,952.08 234.52 90.62 143.90
7,715.83 6,482.12 14,197.95 129.48 52.32
1943 10,587.75 4,572.03 15,159.78 113.94 18.65 172.45
$74,847717 $49,934.45 $124,781.62 $1,108.09 $370121 $737.88'
It is provided under Michie’s code section 961 (p. 395), official code chapter 11, article 13, section 3, Exemptions; Non-Exempt Business. — “ ... (b) Persons engaged in the business of banking: Provided, however, That such exemption shall not extend to that part of the gross income of such persons which is received for the use of real property owned, other than the banking house or building in which the business of the bank is transacted, whether such income be in the form of rentals or royalties; . . .”
It is apparent from the statute that the claimant is exempted from paying business and occupation tax on rentals accruing from the banking house or building in which the business of the bank is transacted.
It is our opinion that since the claimant made these payments voluntarily and without filing any protest, but through ignorance solely, and since our statute of limitations would only include the years 1942 and 1943 and the payments for 1939 to 1941 inclusive would be barred by this statute, that this is a moral obligation and either all of the payments should be refunded or none, notwithstanding that the claimant did pay mistakenly this specifically exempted tax from 1939 to 1943 inclusive, voluntarily and without being required, which taxes were accepted by the *44 state tax commissioner. Therefore it is the opinion of the majority of this court that this is a moral obligation on the part of the state of West Virginia and refund should be made of the amount paid for the respective years as follows :
1939 Refund $ 88.31
1940 Refund 176.74
1941 Refund 156.48
1942 Refund 143.90
1943 Refund 172.45
making a total refund for the five-year period of seven hundred thirty-seven dollars and eighty-eight cents ($737.88), which amount is hereby awarded to the claimant, The Raleigh County Bank, Beckley, West Virginia.